U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:18-cv-80740-Bloom/Reinhart

RENETTE JEAN-BAPTISTE on behalf of
KEVENS JEAN-BAPTISTE, a minor,

    Plaintiff,

vs.

GERMAINE JONES, and
CITY OF BOYNTON BEACH,

    Defendants.

_____/

## **DEFENDANT, CITY OF BOYNTON BEACH MOTION TO DISMISS**

COMES NOW, the CITY OF BOYNTON BEACH, ("CITY"), by and through undersigned counsel, files this Motion to Dismiss the Plaintiff, RENETTE JEAN-BAPTISTE ON BEHALF OF KEVENS JEAN-BAPTISTE, A MINOR ("Plaintiff"), Complaint (DE1) for failure to state a cause of action with an incorporated Memorandum of Law and states as follows:

### **FACTS**

1.    The Plaintiff has filed a two-count complaint in this action.  Count I is entitled "Excessive Force (Battery)" under Florida law against the City.  Count II is alleged to be for excessive force under 42 USC § 1983 against Officer Germaine Jones.

2.    This action arises out of the detention of the Plaintiff on May 8, 2014 after the Plaintiff was involved in a disturbance on a school bus.

3.    Count I should be dismissed as the Plaintiff has failed to state a cause of action on which relief can be granted.

CASE NO: 9:18-cv-80740-Bloom/Reinhart

4.      The allegations of the Complaint do not rise above the presumption of good faith provided by Florida law to an officer's use of force in effecting a lawful arrest, especially in light of the case law interpreting this presumption and interpreting excessive force claims.

## MEMORANDUM OF LAW

### I.      Standard of Review for Dismissal

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and while the rule does not require "detailed factual allegations" the factual allegations set forth are required to "raise a right to belief above the speculative level." *Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). Conclusory allegations are not sufficient to support a claim under Rule 8(a). *Id. a*t 679.

When considering a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Rule 12(b)(6), Fed. R. Civ. P.; Jackson v. Okaloosa County,* 21 F. 3d 1531, 1534 (11th Cir. 1994).  Although factual allegations must be accepted as true for the purposes of the motion, a court is not required to accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle,* 833 F. Supp. 906, 910 (S.D. Fla. 1993). A court may not assume that a plaintiff can prove facts that the plaintiff has not alleged or that a defendant has violated laws in ways that have not been alleged. *See Beck v. Interstate Brands Corp.,* 953 F. 2d 1275, 1276 (11th Cir. 1992). Likewise, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *See B.H. Papasan v. Allain,*478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed 2d 209 (1986). Although the federal rules ascribe to

{00233773.2 306-9905022}                                   2

CASE NO: 9:18-cv-80740-Bloom/Reinhart

liberality in pleadings, bald assertions and conclusions of law will not defeat a properly supported motion to dismiss. *See Leeds v. Meltz,* 85 F. 3d 51, 53 (2d Cir. 1996).

## II.      Count I Should Be Dismissed For Failure to State a Cause of Action

The Plaintiff has attempted to allege in Count I a claim for "excessive force (battery)" under Florida law against the City.  Florida case law has traditionally afforded an officer's use of force in effecting a lawful arrest the presumption of good faith.  *Estate of Osorio v. Miami-Dade Cnty*, 191 F.Supp.3d 1366 (S.D. Fla. 2016); *Jennings v. City of Winter Park*, 250 So.2d 900 (Fla. 4th DCA 1971).

The crux of a state-law battery claim based on a law enforcement officer's use of force is whether the force used is clearly excessive.  *Andrade v. Miami Dade,* 20ll WL 4345665 (S.D. Fla. 2011); *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996).  The analysis of the existence of excessive force for a state law battery claim in Florida is identical to the analysis under the Fourth Amendment. *Cordoves v. Miami-Dade County*, 92 F. Supp. 3d 1221, 1238 (S.D. Fla. 2015) See *also, Sullivan v. City of Pembroke Pines,* 161 Fed.Appx. 906, 911 (11th Cir.2006) ("For the same reasons we concluded that the force used by Scopa was not clearly excessive under the law of this Circuit, we also conclude that it was not clearly excessive according to the similar standard set forth under Florida law."); *see also Sanchez v. Obando–Echeverry,* 716 F.Supp.2d 1195, 1203 n. 8 (S.D.Fla.2010); *DaSilva v. Lamberti,* No. 08–62106–CIV, 2010 WL 680925, at *1 (S.D.Fla. Feb. 24, 2010).

Excessive force battery claims are analyzed by focusing upon whether the amount of force used was reasonable under the circumstances. *Sanders*, *supra*.  The Court must view the officer's actions from the perspective of a reasonable officer on the scene and must allow for the fact that police officers are often forced to make split-second judgments – in circumstances that

CASE NO: 9:18-cv-80740-Bloom/Reinhart

are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation. *Beshers v. Harrison*, 495 F.3d 1260, 1266 (11th Cir. 2007) (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)). Courts, however, should not "use hindsight to judge the acts of police officers; we look at what they knew (or reasonably should have known) at the time of the act." *Rodriguez v. Farrell,* 280 F.3d 1341, 1352–53 (11th Cir.2002). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). It is well established that the typical arrest involves some force and injury. *Rodriguez,* 280 F.3d at 1352 (citing *Nolin v. Isbell,* 207 F.3d 1253, 1257–58 (11th Cir.2000)).

Here, the Plaintiff has alleged that the school bus operator stopped the bus and contacted School Board Police due to the disruptive activities occurring on the bus. (DE1, P10,11). The Plaintiff further alleges the Boynton Beach Police were dispatched to the bus to address the situation. (DE1, P12) The Plaintiff alleges that the driver requested that Plaintiff be removed from the bus as the driver suspected the Plaintiff and another student were involved in the disruption. (DE1, P13). These allegations confirm that the officers were attempting to effectuate a lawful arrest at the time and the Plaintiff does not challenge this authority in the Complaint. The Plaintiff alleges that the officer handcuffed the Plaintiff and removed him from the bus, grabbing the Plaintiff around the neck and shuffling the Plaintiff off the bus. (DE1, P14). The Plaintiff further alleges that Officer Jones restrained the Plaintiff in a rear choke hold and seated him in the grass. (DE1, P15,16). Finally, the Plaintiff alleges that the Officer used a leg sweep to bring the Plaintiff to the ground. (DE1, P18).

{00233773.2 306-9905022}                                              4

CASE NO: 9:18-cv-80740-Bloom/Reinhart

When reviewing the case law interpreting excessive force claims, the actions asserted by the Plaintiff in the Complaint are not clearly excessive.  In *Andrade*, for example, a Miami-Dade County police officer attempted to affect an arrest of a nude suspect.  *Supra* at *7.  The unarmed suspect was resisting arrest and a scuffle ensued in which the Officer drew her weapon and shot the suspect twice. *Id.* at *1.  The district court held that the plaintiff did not allege clearly excessive force sufficient to overcome the presumption of good faith afforded to the officer's conduct, as it was reasonable to subdue a struggling suspect. *Id.* at *7.  In *Sullivan v. City of Pembroke Pines,* 161 Fed. Appx. 906, 910 (11th Cir.2006), the Eleventh Circuit affirmed the finding that an officer's use of force against a female arrestee was reasonable when the allegations were that the officer grabbed her arm, pulled her arms behind her back, forced her to the ground, and placed his knee on her back. In *Nolin v. Isbell,* 207 F.3d 1253, 1255 (11th Cir.2000) the Court found that the plaintiff could not support a claim for excessive force even though the plaintiff alleged that the officer "grabbed him from behind by the shoulder and wrist, threw him against a van three or four feet away, kneed him in the back and pushed his head against the side of the van, searched his groin area in an uncomfortable manner, and handcuffed him." *Id.*  In  *Roth v. Lawrence,* 2010 WL 2162900 *5 (S.D. Fla. 2010) the Court distinguished *Sullivan* and *Nolin* by noting that plaintiff in *Roth* was struck numerous times while he was on the ground.  Here, there are no such allegations.

The use of a leg sweep has been found to be objectively reasonable under the circumstance of an arrest when the officer performed the sweep in the way he was trained and when he did not use any amount of force beyond that which is commonly used when performing the maneuver. *Huntley v. City of Owasso,* 497 Fed. Appx. 826, 832 (10th Cir. 2012).  *See also,*

CASE NO: 9:18-cv-80740-Bloom/Reinhart

*Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117(9th Cir. 2017) *cert. denied* 2018 WL 1697017(U.S. May 29, 2018).

In the case at hand, there was a presumption of good faith in the actions of Officer Jones. The Plaintiff has failed to overcome that presumption by failing to allege sufficient facts to show that Officer Jones' actions were clearly excessive. The level of force alleged by the Plaintiff in this action is much less serious than the force described in the cases cited above. Therefore, the Plaintiff has failed to state a claim for excessive force/battery against the City of Boynton Beach and the claim should be dismissed.

WHEREFORE, the Defendant, CITY OF BOYNTON BEACH, would respectfully request that this Honorable Court enter an Order dismissing Count I of the Complaint and for such other and further relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed via the CM/ECF electronic case filing system and served via transmission of Notice of Electronic Filing generated by CM/ECF to: Kevin R. Anderson, Esq., *counsel for Plaintiffs,* ANDERSON & WELCH, LLC, 500 S. Australian Avenue, 6th Floor, West Palm Beach, FL 33401 at Juristfla@bellsouth.net, Andewelch@gmail.com and kan@andersonandwelch.com and to Lyman H. Reynolds, Jr., Esq., *counsel for Defendant Jones,* Roberts, Reynolds, Bedard & Tuzzio, 470 Columbia Drive, Suite C101, West Palm Beach, FL 33409 at lreynolds@rrbpa.com and service_LHR@rrbpa.com this 11th day of June 2018.

GOREN, CHEROF, DOODY & EZROL, P.A.
*Attorneys for City of Boynton Beach*
3099 East Commercial Blvd., Suite 200
Ft. Lauderdale, Florida 33308
Phone: (954) 771-4500 / Fax: (954) 771-4923

CASE NO: 9:18-cv-80740-Bloom/Reinhart

By:   */s/ Tracey A. DeCarlo*
JAMES A. CHEROF
Florida Bar No. 291846
jcherof@cityatty.com
TRACEY A. DeCARLO
Florida Bar No. 60259
tdecarlo@cityatty.com
RYAN A. ABRAMS, ESQ.
Florida Bar No. 111323
rabrams@cityatty.com