Renette Jean-Baptiste on Behalf of Kevens
Jean-Baptiste, a minor,
   *Plaintiff,*

  v.

The City of Boynton Beach, a political subdivision
of the State of Florida, and Germaine Jones,
individually,
   *Defendants*.

_____/

## PLAINTIFF RENETTE JEAN-BAPTISTE ON BEHALF OF KEVENS JEAN-BAPTISTE'S RESPONSE IN OPPOSITION TO DEFENDANT, CITY OF BOYNTON BEACH'S AND GERMANE JONES' MOTIONS TO DISMISS WITH MEMORANDA OF LAW

**COMES NOW**, Renette Jean-Baptiste on behalf of Kevens Jean-Baptiste [hereinafter, Plaintiff], a minor, by and through undersigned counsel and files the foregoing response to the City of Boynton Beach [hereinafter, City] and Germaine Jones [hereinafter, Defendant Jones] in his individual capacity, and states:

1. Defendant Jones moves to dismiss the Complaint stating that Plaintiff failed to state a claim. He asserts federal qualified immunity; and non-applicability of Fourth or Fourteenth Amendment claims for his alleged actions. The City also seeks dismissal of the Complaint stating that Plaintiff failed to state a claim. They, too, assert the non-applicability of the Fourth Amendment to the present case.

## I.  PROCEDURAL BACKGROUND

2. The Plaintiff's claims were filed in the Circuit Court, in and for Palm Beach County, Florida against the Defendants. Defendant Jones did not answer the

Complaint, but rather, filed his motion to dismiss. Thereafter, Defendant Jones removed the case from the Florida Circuit, to the United States District Court, Southern District of Florida, before the Plaintiff responded to same. The City filed their motion to dismiss after the case was removed to the district court.

## II.     STANDARD OF REVIEW

3.     The Defendants' motions to dismiss must be addressed under the Federal Rules of Civil Procedure now that the case has been removed to federal court. Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570. A court may grant the motion to dismiss only "if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6) the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff. *Castro v. Secretary of Homeland Sec.,* 472 F. 3d 1334, 1336 (11th Cir. 2006); *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). *In general, the District Court does not consider anything beyond the face of the complaint* and documents attached thereto when analyzing a motion to dismiss under Rule 12(b) 6. *Saunders v. Duke*, 768 F 3d 1262, 1271 (11th Cir. 2014).

### III.   ARGUMENT

**City's Failure to State a Claim Assertion - State Claim of Excessive Force (Battery)**

4.      In light of the applicable standard for presenting a claim, the Plaintiff has alleged a *prima facie* claim for excessive force.  The Complaint contains sufficient factual matters that if accepted as true would state a claim to relief that is plausible on its face. *Id.,* at 570.  At the motion to dismiss phase, the Court must accept the factual allegations as true and construe them in the light most favorable to the Plaintiff. *See Castro* at 1336.

5.      The Defendant does not assert sovereign immunity, but rather, relies solely upon factual arguments to support the reasonableness of Defendant Jones' actions to support their motion to dismiss.

6.      The Plaintiff's Complaint asserts that he was handcuffed, grabbed around the neck and placed in a choke hold then forcibly lifted and carried several feet from the passenger compartment of his school bus. Once removed from the bus, he was then taken to ground.  The Complaint then alleges that Defendant Jones placed the

now handcuffed Plaintiff in a chokehold a second time, lifting him off his feet again and shuffled the Plaintiff to the ground once more. Thereafter, while standing in handcuffs speaking to another officer, and without physical provocation, Plaintiff alleges he was leg swept by Defendant Jones making Plaintiff, whiled handcuffed, uncontrollably fall to the ground causing him to lose consciousness and sustain physical injury. The Complaint further alleges that Plaintiff did not consent to Defendant Jones' actions.

7. The elements of Battery are the actual and intentional touching or striking of another person against the will of the other; or, intentionally causing bodily harm to another person. Fla. Stat. 784.03. Plaintiff has sufficiently recited the elements for the Battery claim which also included sufficient supporting factual allegations, to state a claim of Battery that is plausible on its face. *Robbins v. City of Miami Beach,* 786 F. Supp. 2d 1372, 1376 (2011). Again, the City has not asserted sovereign immunity in its motion to dismiss, relying solely upon the reasonableness of the Defendant officer's acts.

8. **Plaintiff adopts and incorporates Plaintiff's factual responses in opposition to Defendant Jones' Fourth Amendment qualified immunity defense to reply to the City's "reasonableness" state claim assertion to support its motion to dismiss.**

9. While Battery is an intentional tort, the City may still be held liable for an act not committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of the Plaintiff's rights. *Boynton Beach v. Weiss,* 120 So. 3d 606, 611 (Fla. 4th DCA, 2013) Where the officer acts within the course and scope of employment when the Battery is committed, and the Battery is not done in bad

faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for the Plaintiff's rights, municipal liability may attach. *Id.*

**Jones' Failure to State a Claim  - Qualified Immunity Pursuant to 42 U.S.C. § 1983**

10. Defendant Jones has asserted qualified immunity in his motion to Dismiss. Qualified immunity is protection from suit against government officials sued in their individual capacity for claims under 42 U.S.C. § 1983.  The doctrine of qualified immunity has no application to state law claims.  *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995).

11. The Plaintiff agrees with opposing counsel that qualified immunity only protects governmental officials performing discretionary functions from civil liability unless their conduct violates "clearly established statutory or constitutional rights of which a *reasonable* person would have known."  *Harlow v. Fitzgerald*, 102 S. Ct. 2727, 2738 (1982).  The initial inquiry is whether the allegations, if proven, establish the violation of a constitutional right. *Saucier v. Katz*, 121 S. Ct. 2151, 2155 (2001).  Initially, the government official has the burden of proving that the conduct occurred within the scope of his discretionary authority.  *Hartsfield v. Lemacks*, 50 F. 3d 950, 953 (11th Cir. 1995).  If a government official is acting wholly outside the scope of discretionary authority, the individual is not entitled to qualified immunity regardless of whether the law in a given area was clearly established.  *Harbert Intern. Inc., v. James*, 157 F.3d 1281-83 (11th Cir. 1998).

12. Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to prove that the official's conduct "violated clearly established law based upon objective standards."  *Id Hartsfield* at 953.  In evaluating whether conduct violated clearly established law, the Court of Appeals for the Eleventh Circuit

looks to decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, as well as the highest court of the state. *Jenkins v. Talladega City Brd. of Education*, 115 F.3d 821, 826-27 (11th Cir. 1997).

13. Exact factual identity with a previously decided case is not required, but the unlawfulness of the conduct must be apparent from preexisting law. *Coffin v. Brandau*, 642 F. 3d 999, 1013 (11th Cir. 2011).

14. In order to determine whether the amount of force used was proper, a court must ask "whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." *Vinyard v. Wilson,* 311 F. 3d 1340, 1347 (11th Cir. 2002). This objective analysis requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and, (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Additional considerations are (1) the need for the application of force; (2) the relationship between the need and the amount of force used; and, (3) the extent of the injury inflicted. *Hadley v. Gutierrez,* 526 F. 3D 1324, 1329 (11th Cir. 2008).

15. The Complaint does not allege that "...Plaintiff was a passenger on a school bus *who caused a disturbance* forcing the school bus driver to call the Palm Beach School Board Police Central Dispatch for assistance as asserted in Defendant Jones' motion to dismiss." *Defendant Jones' Mtn*, pg. 6. Although the law enforcement was dispatched to the bus upon which Plaintiff was located, at the time that the Plaintiff was physically accosted, Defendant Jones violated clearly established law concerning the use of force under the circumstances.

16. The Plaintiff was a student being transported on a school bus. The act of applying a lifting choke hold upon a handcuffed student and literally dragging him from the school bus, taking him to the ground then reapplying a rear choke hold on Plaintiff a second time and, again, taking him to the ground is objectively unreasonable. *Slicker v. Jackson,* 215 F. 3D 1225, 1233 (11th Cir. 2000)[officers not entitled to qualified immunity where plaintiff was handcuffed then struck and knocked unconscious]; *Galvez v. Bruce,* 552 F. 3d 1238 (11th Cir. 2008)[officers not entitled to qualified immunity where plaintiff handcuffed and dragged out of clinic and forcibly slammed against wall after he posed no danger to, or risk of flight]; *Thompson v. City of Birmingham*, 5 F. Supp. 3d 1304 (N.D. Ala. 2014)[standing with her hands behind her back where the officer could see them and slamming her on the ground several times where Plaintiff did not have weapons and had not taken any action that indicated a threat. Officer had to know that he was violating the constitution by choking and slamming to the ground an unarmed, non-threatening person who was roughly four inches shorter and fifty pounds lighter]; *Marshall v. West,* 559 F. Supp. 2d 1224, 1242 (M.D. Ala. 2008)[placing handcuffed plaintiff in chokehold where there was no evidence that he posed a flight risk or threat to safety].

17. The act of leg sweeping and forcibly throwing a plaintiff to the ground after the plaintiff has submitted to detention in a non-threatening way is disproportionate to the need for such force, in violation of a plaintiff's constitutional rights. *Brown v. Haddock*, 2011 WL 1655580 (N.D. Fla. 2011). In addition, qualified immunityhas been denied to defendant officers where the complaint alleged

striking a handcuffed detainee in the back of leg causing him to fall. *Thompson v. Mostert* 2012 WL 12950511 (M.D. Fla. 2012).

18. The facts in Plaintiff's case do not justify the use of force by Defendant Jones. Even if Defendant Jones had lawful authority to effect a custodial arrest and used a reasonable amount of force to subdue and secure the Plaintiff, there was no discernible reason, let alone any law enforcement need, to deploy the use of force in the present case after the Plaintiff was secured in handcuffs. *Lee v. Ferraro*, 284 F. 3d 1188, 1197 (11th Cir. 2002). The gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force. *Hadley* at 1330.

19. Applying the *Graham* and *Hadley* factors to the present case, the Plaintiff was not cited or arrested for an offense. Plaintiff also did not pose an immediate threat to the safety of the officers or others as he was handcuffed and accompanied by additional law enforcement officers after being dragged from the bus. In addition, there is no evidence or assertion by Defendant Jones that the Plaintiff was a flight risk.

20. Under the case facts the application of a chokehold twice and leg sweeping of the handcuffed Plaintiff was unnecessary. Albeit that the Plaintiff may have been a agitated and generally disrespectful, this alone did not justify the degree of physical force levied against him.

21. Moreover, the Plaintiff's fall attendant to the leg sweep rendered him unconscious. The Plaintiff has alleged physical pain and suffering in his Complaint. *Complaint,* para. 28 and 37.

22.     The cases presented by Defendant Jones to support his motion to dismiss based upon qualified immunity grounds are distinguished from the Plaintiff's case. In *Williams v. Sirmons*, the pregnant plaintiff fled from the traffic stop in her vehicle while officers pursued her with lights and siren. The detaining officer after catching up with her wrapped his arms around her, causing them both to fall upon the ground. The officer, and not the plaintiff, sustained a dislocated shoulder from the fall. The plaintiff in *Williams* continued to struggle as she was knelt upon and handcuffed without injury. *Williams v. Sirmons,* 307 Fed. Appx. 354, 356 (11th Cir. 2009). The *Jones v. City of Dothan* case pertained to investigative detention of a person who harassed a complainant by chasing her from inside her place of employment. During the detention, the detainee was not handcuffed, choked or defenselessly taken to ground and rendered unconscious. *Jones v. City of Dothan*, 121 F. 3d 1456 (11th Cir. 1997). In *Rodriguez v. Farrell*, during a traffic stop, the plaintiff's identifying information was identical to the information listed in an arrest warrant. Subsequent to the stop the plaintiff removed an arm sling, exited his vehicle and engaged in a field interview with the officers. Nothing outwardly indicated that the plaintiff's arm was injured. When he was taken into custody the officers were not reasonably aware of his pre-existing medical condition resulting in the aggravation of an injury. *Rodriguez v. Farrell,* 280 F. 3d 1341 (11th Cir. 2002). Finally, in *Post v. City of Fort Lauderdale*, the plaintiff was not handcuffed then repeatedly choked and taken to the ground. Therefore, none of Defendant Jones' cases, squarely address qualified immunity where a handcuffed detainee has been choked, lifted off their feet,

dragged, thrown then leg swept to the ground rendering the Plaintiffs unconscious.

**Failure to State a Claim  - Fourteenth Amendment**

23.     The Federal Rules prescribe alternative pleading for claims, to wit:

> **Alternative Statements of a Claim or Defense**. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

> **Inconsistent Claims or Defenses**. A party may state as many separate claims or defenses as it has, regardless of consistency. Fed. R. Civ. 8(2)-(3).

The Plaintiff has alleged violations of the Fourth and Fourteenth Amendments. The Eleventh Circuit recognizes a "*non-seizure* Fourteenth Amendment substantive due process claim of excessive force." *Wilson v. Northcutt*, 987 F.2d 719, 722 (11th Cir.1993).

24.     In the case of *McKinney v. DeKalb County* ( applying the Fourth and Fourteenth Amendments), the court stated that police officers cannot use "deliberate acts of punishment" as opposed to "reasonable means of restraining an arrestee," *citing Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441 (11th Cir.1985) (Fourteenth Amendment). *McKinney v. DeKalb County,* 997 F.2d 1440, 1443 (11th Cir.1993). Officers are liable if a beating occurs " 'with little or no provocation' " where " 'the blows are not delivered in a good faith effort to control ..., but rather out of irritation'." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1501 (11th Cir.1985) (en banc) (Fourteenth Amendment).

**CONCLUSION**

At this juncture in the case, the Plaintiff is required to plead sufficient factual matters.  The Court, thereafter, upon review of the face of the Complaint determines

whether the allegations, if true, in a light favorable to the Plaintiff, would entitle the movant to relief.

The Complaint alleges a *prima facie* civil Battery claim with supporting factual information to substantiate the elements. In addition, the Plaintiff has also alleged by alternative statements of his claims, Defendant Jones' conduct that clearly violated Plaintiff's Fourth and Fourteenth Amendment Constitutional rights actionable through 42 U.S.C. §1983 to overcome the assertion of qualified immunity at the motion to dismiss phase of the present case.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on the date below and upon counsel on the incorporated service list.

DATED this **22nd** day of **June, 2018**.

> s/ Kevin R. Anderson
> Kevin R. Anderson, Esq.
> Florida Bar No.: 0044857
> andewelch@andersonandwelch.com
> Anderson & Welch, LLC
> 500 S. Australian Ave., 6th Floor
> West Palm Beach, FL 33401-6237
> Telephone: 561-832-3386
> Facsimile: 561-820-4867
> *Attorney for the Plaintiff*
> Kevens Jean-Baptiste

**SERVICE LIST**
*Renette Jean-Baptiste on Behalf of Kevens Jean-Baptiste, a minor  v. The City of Boynton Beach, a political subdivision of the State of Florida, and Germaine Jones, individually*
**Case No. 18-cv-80740-BLOOM/REINHART**
**United States District Court, Southern District of Florida**


Kevin R. Anderson, Esq.
Florida Bar No.: 0044857
Anderson & Welch, LLC
andewelch@andersonandwelch.com
500 S. Australian Ave., 6th Floor
West Palm Beach, FL 33401-6237
Telephone: 561-832-3386
Facsimile: 561-820-4867
*Attorney for Plaintiff Kevens Jean-Baptiste*


Lyman H. Reynolds, Jr.
Florida Bar No. 380687
Roberts, Reynolds, Bedard & Tuzzio, PLLC
Service_LHR@rrbpa.com
lreynolds@rrbpa.com
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Telephone:  561-688-6560
Facsimile:  561-688-2343
*Attorney for Defendant Jones*


Tracey A. DeCarlo
Florida Bar No. 60259
Goren, Cherof, Doody & Ezrol, P.A.
tdecarlo@cityatty.com
3099 East Commercial Blvd., Ste. 200
Ft. Lauderdale, FL 33308
Telephone:  954-771-4500
Facsimile: 954-771-4923
*Attorney for City of Boynton Beach*